NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAPHNEE WALKER,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2025-2066

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-24-0391-C-1.

---

Decided: May 15, 2026

---

DAPHNEE WALKER, Clinton, MS, pro se.

NATALEE A. ALLENBAUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before DYK, LINN, and REYNA, *Circuit Judges.*

PER CURIAM.

Daphnee Walker, who proceeds pro se, petitions for review of a final decision of the Merit Systems Protection Board, which denied Ms. Walker's petition for enforcement. Because the Board's final decision is not arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence, we affirm.

## BACKGROUND

Ms. Walker was employed as a Medical Support Assistant with the Department of Veterans Affairs ("VA" or "agency") Medical Center in Jackson, MS. SAppx23–24.[1] In March 2021, Ms. Walker suffered knee injuries while on duty. SAppx24. These injuries led to a series of events which ultimately resulted in Ms. Walker being removed from her position. *Id.* Ms. Walker appealed her removal to the Merit Systems Protection Board ("Board").

On January 17, 2025, the Board reversed the agency's removal and ordered the agency to retroactively restore Ms. Walker effective March 15, 2024, adjust Ms. Walker's benefits, provide back pay, and inform Ms. Walker of all actions taken to comply with the Board's January 17, 2025 decision. SAppx26–27. The Board also noted that it was attaching to the decision two lists of information concerning the processing of payments and adjustment. SAppx27. The Board explained that one list applied to agencies whose payroll is administered by the National Finance Center of the Department of Agriculture ("NFC") and that the other list applied to those whose payroll was administered by the Defense Finance and Accounting Service ("DFAS"). *Id.* The Board did not state whether NFC or DFAS governed the payroll of VA employees but instead ordered the agency "to timely provide DFAS *or* NFC with

---

[1] "SAppx" refers to the supplemental appendix accompanying the government's informal response brief.

all documentation necessary to process payments and adjustments resulting from the Board's decision." *Id.* (emphasis added). Relevant here, the NFC list noted that an "AD-343" form must be submitted. SAppx38.

On March 13, 2025, Ms. Walker filed a petition for enforcement with the Board. SAppx40–43. She noted that the V.A. Medical Center staff "has not complied with" the January 17, 2025 decision. SAppx42. According to Ms. Walker, she "received a form AD-343 in the package," and after several attempts at contacting VA personnel, she claimed that "[e]veryone denied knowing anything about this form." *Id.* She then noted that "I just want what's rightfully owed to me . . . ." *Id.*

On March 14, 2025, the Board issued an "Acknowledgment Order," in which the Board ordered the agency to respond to the petition of enforcement. SAppx1. The agency responded, noting it complied fully with the January 17, 2025 decision. SAppx48. In its response, the agency explained that Ms. Walker was reinstated, received all applicable back pay, that no adjustment of benefits was necessary, and that it provided notice to Ms. Walker of these actions on March 18, 2025. Sappx47–48. The agency included supporting documentation with its response. *See* SAppx50–92. The agency also clarified that the VA does not use the NFC regarding pay issues and thus the "AD-343 does not appear to be a form related to the Department of Veterans Affairs" and thus is "irrelevant to compliance in this matter." SAppx96.

On May 15, 2025, the Board issued an initial decision, denying Ms. Walker's petition for enforcement. SAppx6–17. The Board noted that in her petition for enforcement, Ms. Walker did not assert that the agency failed to reinstate her or provide back pay but rather asserted a concern with the AD-343 form. SAppx7. But the Board noted that based on the agency's response to the petition for enforcement, the agency complied with the January 17, 2025 decision and the AD-343 form was unrelated to the

VA. SAppx8. The Board thus denied Ms. Walker's petition for enforcement. The May 15, 2025 decision became the final decision of the Board on June 19, 2025 ("Final Decision").

We construe Ms. Walker's pro se petition to be a petition for review of the Board's Final Decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020) (internal quotation marks and citation omitted).

On appeal, Ms. Walker argues "that DFAS/V.A. Medical Center [should] follow the terms of the judgment issued in my case." Petitioner's Informal Br. 3. Included with her informal brief is a copy of what appears to be a partially completed AD-343 form, the first page of the Board's Acknowledgment Order, and a copy of the DFAS list, similar to the one attached to the Board's January 17, 2025 decision.[2] Petitioner's Informal Br. 4–6. In the AD-343 form where it asks the "nature of action to be taken," the response provided is "to enforce judgment." Petitioner's Informal Br. 4.

---

[2] This copy of the DFAS list, however, has a check mark in one of the boxes on the list. Petitioner's Informal Br. 4. This check mark was not included in the version attached to the Board's January 17, 2025 decision. *See* SAppx37. This circumstance has no bearing on this appeal.

Given Ms. Walker's pro se status, we liberally construe her informal appeal brief as a challenge to the Board's Final Decision. We reject Ms. Walker's challenge. In its Final Decision, the Board explains that the agency complied with the January 17, 2025 decision and provided Ms. Walker with all required relief. We fail to see any error in this decision that Ms. Walker was afforded the relief due to her, which is supported by substantial evidence, namely, the agency's documentation of its compliance with the January 17, 2025 decision. *See* SAppx47–92. In addition, Ms. Walker's informal appeal brief is vague and unsupported. Ms. Walker fails to identify any evidence or raise any argument demonstrating that the Final Decision was arbitrary, capricious, an abuse of discretion, otherwise contrary to law, or unsupported by substantial evidence. And to the extent Ms. Walker is challenging the Board's determination that the AD-343 form was unrelated to the VA, Ms. Walker shows no error with the Board's determination, which is supported by the agency's response to Ms. Walker's petition for enforcement. *See* SAppx96.[3]

### CONCLUSION

Accordingly, we affirm the Board's Final Decision.

### AFFIRMED

### COSTS

No costs.

---

[3]    The government alternatively argues that Ms. Walker's petition for review before this court is untimely because she did not file it within the non-jurisdictional 60-day period under 5 U.S.C. § 7703(b)(1). Respondent's Br. 9–10. We do not reach this issue because we find that the Board did not err on the merits.